**SMITH et al. v. CLEVELAND PNEUMATIC TOOL CO.**

Civil Action No. 24520.

District Court, N. D. Ohio, E. D.

March 30, 1948.

On Motion to Amend June 21, 1948.

Judgment Affirmed April 22, 1949.

See 173 F.2d 775.

D. J. Lazear and Howell Leuck, both of Cleveland, Ohio, for plaintiff.

John J. Reidy, of Cleveland, Ohio, for defendant.

·JONES, District Judge.

Better to understand the grounds upon which the action of the Court is predicated some chronology of the progress of this case well might be set down.

The original complaint, with seventeen plaintiffs, was filed December 27, 1946. On February 20, 1947, the defendant filed a motion objecting to jurisdiction on the ground that overtime compensation sought was .trifling. On April 26, 1947, without leave, as is permissible, an amended and supplemental complaint was filed joining some 140 additional plaintiffs. The period of so-called overtime covered in the original and amended complaints was from October 24, 1938, the effective date of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to the dates of filing the respective complaints, or almost ten years. The prayers were for a total of ten million and more dollars in damages.

On August 22, 1947, the defendant filed a motion to dismiss for want of jurisdiction in view of the intervening congressional amendment called the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., effective May 14, 1947.

Action on the motions to dismiss were stayed pending decisions in the Circuit

Court of Appeals which it was believed might have a bearing on this case.

On November 10, 1947, plaintiffs filed a motion for leave to file a second amended and supplemental complaint setting up allegations which it was urged brought the case within the requirements of the Act of 1947 and also asked for a further stay.

On February 24, 1948, the defendant filed a request for ruling on its motion to dismiss.

In view of the earlier ruling made in Fajack, et al., v. The Cleveland Graphite Bronze Company, D.C., 73 F.Supp. 308, and because of the further fact that the plaintiffs, under Section 6(c) of the Act of 1947, had 120 days to bring their case within the provisions and requirements of that Act but made no move to do so until six months after the effective date of that Act, the Court does not believe that they now are entitled to favorable action under Civil Rule 15(a), 28 U.S.C.A. following section 723c.

As previously stated, by the prayers of the original and amended and supplemental complaints, the plaintiffs sought ten million dollars and more in damages for alleged unpaid compensible time for a ten-year period. This all based upon the case of Anderson v. Mt. Clemens Pottery Company, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, now moot.

What the plaintiffs move to file is not an amendment but a new cause of action based upon a new and intervening statute. Such a new action could have been filed under Section 6(c) within 120 days after May 14, 1947. The proposed amendment is the original, but now invalid, claim couched in general language thought to overcome the infirmities of the original and calculated to bring it within the sanction and requirements of the amended statute. A copy of the contract attached to the defendant's brief fails to disclose by any provision, express or implied, that what the plaintiffs originally sued for now can be made the subject of suit under the amended statute. Courts look to the substance rather than the form even in pleading and it is impossible judicially to reconcile the basis of the original claim with the proposed transformation by the simple process of amendment. Candor compels the rejection of such procedure. Congress took away the plaintiffs' day in court, if there truly was one of their claims, even though arising earlier. What may be thought to have been lost by the running of the statute directly resulted from congressional action and not through any action of the Court.

Mindful of the "findings and policy" of the Act of 1947, and impressed with the pertinence of the recent unanimous action taken by the Court for the Eastern District of Michigan (Batemen et al. v. Ford Motor Company, and Fisch et al. v. General Motors Corporation, D.C., 76 F.Supp. 178), and for the reasons earlier herein set forth, the motion for leave to file plaintiffs' second amended and supplemental complaint will be denied and the defendant's motion to dismiss will be sustained.

#### On Motion to Amend.

The question of whether the papers desired by the defendant to be included in the transcript of record seems to be one which should be ultimately decided by the Circuit Court of Appeals under Rule 75(h) of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The defendant has not in its motion identified with sufficient clarity the documents which it wants included in the record and it is not alleged that the documents were material and were omitted by error or accident.

The motion should be presented to the Circuit Court of Appeals and if the exhibits desired are ordered to be sent up to that Court on review this Court will instruct the Clerk of the Court to certify and transmit such exhibits as a supplemental record.

Motion to amend denied.